UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMURI VEKUA, A-249-109-286, | No.  1:26-cv-1882-DJC-CKD P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner Demuri Vekua is presently detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court appointed counsel, who filed a first amended petition and motion for preliminary injunction. (ECF Nos. 12, 13.) Respondent answered the first amended petition. (ECF No. 17.) Petitioner did not file the optional reply. For the following reasons, the undersigned recommends the petition be granted and petitioner be provided a bond hearing before an immigration judge.

**I.        Background**

Petitioner is a citizen of Russia who applied for admission into the United States via the San Ysidro Port of Entry and was paroled into the United States on July 1, 2023. (ECF No. 17-1.) He has lived in the United States since 2023. (ECF No. 1, ¶ 19.)

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

1

On December 29, 2025, petitioner pleaded no contest to violations of California Penal Code section 417(a)(1) [misdemeanor drawing or exhibiting a deadly weapon other than a firearm] and section 594(b)(2)(a) [vandalism] and was sentenced to a 30-day jail term. (ECF No. 12-6.) Following that encounter with law enforcement, petitioner was detained and has been in immigration detention since January 24, 2026. (ECF No. 1, ¶ 19.)

Respondent submitted evidence that on January 24, 2026, petitioner received notice his parole was being terminated pursuant to 8 C.F.R. § 212.5(e)(2)(ii) because "[n]either urgent humanitarian reasons nor significant public benefit warrant your continued parole at this time." (ECF No. 17-9 at 1.) This notice took the form of a letter signed by Joshua Lind, Acting Assistant Field Office Director. (Id.)

The first amended petition asserts a single claim for a violation of the INA. (ECF No. 12, ¶¶ 26-32.) Petitioner seeks release from custody or a bond hearing under 8 U.S.C. § 1226(a) and fees and costs under the Equal Access to Justice Act. (Id., ¶ 33.)

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    Discussion

Petitioner claims those detaining him have not complied with a declaratory judgment issued in the class action Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM by failing to provide him a bond hearing as required under 8 U.S.C. § 1226(a). See Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1095 (C.D. Cal. 2025), judgment entered sub nom. Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Maldonado Bautista does not apply in this case because on March 6, 2026, the Ninth Circuit administratively stayed the decision "insofar as the district court's judgment extends beyond the

2

Central District of California." See Maldonado Bautista et al. v. U.S. Dep't of Homeland Security et al., No. 26-1044, ECF No. 5, at 1. However, the undersigned agrees that petitioner is entitled to a bond hearing under 8 U.S.C. § 1226.

Respondent claims petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (ECF No. 17 at 1-2.) However, the undersigned agrees with the numerous courts which have held 8 U.S.C. § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time prior to being detained by ICE. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) (noting numerous district courts have so held); accord Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1278-81 (11th Cir. 2026) (holding § 1226 supplies the default rule of detention for an alien arrested and detained in the interior); Castañon-Nava v. DHS, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Section 1226(a) expressly authorizes release on bond, and its authorizing regulations provide for immigration judges to convene bond hearings. After arrest, the government "may continue to detain the arreste[e]" until a final removal decision is made or "may release" them on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)-(2). If the arrestee wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

Here, petitioner does not dispute that on the date of his detention, he received notice that his parole was being terminated pursuant to 8 C.F.R. § 212.5(e)(2)(ii) because "[n]either urgent humanitarian reasons nor significant public benefit warrant your continued parole at this time." (ECF No. 17-9 at 1.) Petitioner does not assert the notice failed to comply with the requirements of 8 C.F.R. § 212.5(2)(i), which provides for revocation of parole on notice as follows:

> [U]pon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified. Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed. If the exclusion, deportation, or removal order cannot be executed within a reasonable time, the alien shall again be released on parole unless in the opinion of the official listed in paragraph (a) of this section the public interest requires that the alien be continued in custody.

8 C.F.R. § 212.5(2)(i).

Petitioner does not dispute he received written notice of the revocation of his parole. Since petitioner does not dispute he received proper notice of the revocation of his parole, his case is distinguished from those in which courts found due process violations and ordered release based on a complete failure to take the obligatory procedural steps required by 8 C.F.R. § 212.5(e)(2)(i). See, e.g., Y-Z-L-H v. Bostock, 792 F. Supp. 3d 1123, 1144-46 (D. Or. 2025) (describing the requisite procedures to revoke parole pursuant to 8 U.S.C. § 1182, including providing written notice of revocation to the petitioner); Hernandez v. Warden, California City Correctional Center, et al., No. 1:26-CV-03879-DAD-CSK, 2026 WL 1506859, at *2 (E.D. Cal. May 29, 2026) (ordering release for a violation of due process where respondents "failed entirely to take obligatory procedural steps" required by "either the parole statute or 8 C.F.R. § 212.5(e)(2)(i)").

Nevertheless, petitioner alleges he has not been afforded a custody redetermination hearing or bond hearing since he was detained more than five months ago. (ECF No. 1, ¶ 31.) Respondent does not dispute the assertion that petitioner has not had such a hearing and offers no evidence that an immigration judge or other official authorized to make such a custody redetermination has found petitioner to be a flight risk or a danger to the public.

Thus, the undersigned will recommend petitioner be granted relief in the form of a bond hearing on his claim asserting a violation of the INA. The appropriate remedy is a bond hearing where flight risk and dangerousness can be assessed. See 8 U.S.C. § 1226(a)(1)-(2) (authorizing

the Attorney General to arrest and detain noncitizens pending removal proceedings or grant bond); <u>Juan Carlos V.B. v. Chestnut</u>, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *3 (E.D. Cal. May 5, 2026) ("Notice and custody determination hearings are … the general processes required to terminate humanitarian parole under 8 C.F.R. § 212.5(e).") As to petitioner's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), petitioner must bring any such request by a properly noticed and supported motion in the event the assigned district judge adopts these findings and recommendations.

Accordingly, IT IS RECOMMENDED as follows:

1. Petitioner Demuri Vekua's (A-249-109-286) amended petition for a writ of habeas corpus (ECF No. 12) be GRANTED and within (7) seven days of adoption of these findings and recommendations, petitioner be provided a bond hearing before an immigration judge where petitioner is entitled to release if he can establish he is neither a flight risk nor a risk to the community, and within (3) three days of the bond hearing, respondent file a notice certifying compliance.

2. Petitioner's motion for preliminary injunction (ECF No. 13) be denied as moot.

3. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 8, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 veku1882.mer

5